CROSAS, PETICIONARIA Y APELANTE, *v.* GUTIÉRREZ, OPOSITORA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre administración judicial de los bienes de un finado.

MOCIÓN de la parte apelada para que se desestime la apelación.

No. 1045.—Resuelto en abril 13, 1914.

DESESTIMACIÓN DE APELACIÓN—ADMINISTRACIÓN JUDICIAL DE LOS BIENES DE UN FINADO—RESOLUCIÓN INAPELABLE.—Una orden dictada en un caso sobre administración judicial de los bienes de un finado denegando la moción de una parte para que se exija a la viuda del finado que pague al administrador judicial una cantidad mensual en concepto de arrendamiento por la casa y terrenos que ocupa pertenecientes al causante, no constituye una sentencia definitiva ni es una resolución apelable.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. Eduardo Acuña.*
Abogados de la apelada: *Sres. Muñoz & Brown.*
Abogado del administrador judicial: *Sr. Jorge V. Domínguez.*
EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Sra. Crosas de Saldaña como heredera instituída en el testamento de su padre Andrés Crosas, presentó una moción o petición a la Corte de Distrito de San Juan solicitando que se obligara a la Sra. Gutiérrez viuda de Crosas, a pagar rentas al administrador debidamente nombrado de los bienes del expresado Crosas por la casa que entonces se encontraba ocupando y donde el mencionado Sr. Crosas y la referida Carmen Gutiérrez habían residido durante la vida de su esposo.     Después de haber formulado su oposición la Sra. Gutiérrez y celebrado el juicio en el que se presentaron pruebas, la corte de distrito declaró sin lugar dicha moción e interpuso apelación la Sra. Crosas de Saldaña.

Al celebrarse la primera vista de este caso la apelada presentó una moción en la que pedía que se desestimara la apelación por carecer de jurisdicción el tribunal, por cuanto que la orden dictada por la corte no era apelable, ni era tampoco, según alega la apelada, ninguna de las resoluciones o providencias enumeradas en el artículo 295 del Código de Enjuiciamiento Civil.     El artículo 295 prescribe lo siguiente:

"1. Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito: 1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia   *   *   *.

"2.   *   *   *.

"3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction;* negándose a conceder o anular un *injunction;* anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría."   ·

La apelada llama la atención al hecho de haberse formulado la solicitud en forma de moción y a que la corte al resolver la misma lo hizo por medio de una intitulada orden.   Esta,

sin embargo, no es ninguna de las resoluciones enumeradas en el párrafo 3º. arriba citado. Ni es una sentencia definitiva porque la sentencia definitiva en esta clase de procedimientos testamentarios es la distribución final que ordena la corte. Nos inclinamos a creer, según el estudio que hemos hecho del caso, que la orden de todos modos debería sostenerse como ajustada a derecho, pero de acuerdo con las prescripciones terminantes del estatuto la resolución que ha sido sometida a nuestra consideración no está comprendida en ninguna parte del artículo 295, careciendo por tanto este tribunal de juris-dicción.

Debe desestimarse la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.